IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LAVARIOUS JONES                                                                          PLAINTIFF

v.                                              Civil No. 4:19-cv-04139

SERGEANT GRIFFIE, Miller County Detention Center
("MCDC"); CAPTAIN ADAMS, MCDC; OFFICER
GOLDEN, MCDC; and CORPORAL MOORE, MCDC                                DEFENDANTS

## ORDER

Plaintiff Lavarious Jones filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 22, 2019. (ECF No. 1). This matter is currently before the Court due to Plaintiff's failure to prosecute the action.

On June 8, 2020, Defendants filed a Motion for Summary Judgement. (ECF No. 20). Plaintiff responded to the Motion, but also notified the Court that he had not been allowed to view the video exhibit submitted by the Defendants. (ECF No. 27, 28). On June 30, 2020, the Court directed jail administration to allow Plaintiff to view the video footage submitted by the Defendants by July 17, 2020. In addition, the Court also allowed Plaintiff until July 24, 2020, to supplement his response to the Defendants' Motion for Summary Judgment. (ECF No. 29). The Court received a letter from Plaintiff on July 27, 2020, in which Plaintiff advised the Court that he had not yet been allowed to view the video. (ECF No. 32).

Following the Court's receipt of Plaintiff's letter, the Court communicated with the Greene County Jail, and was notified that Plaintiff had been released from that facility. Plaintiff had not notified the Court of his change of address. In an Order, the Court directed Plaintiff to update the Court regarding whether he has been able to view the video by August 18, 2020. (ECF No. 33). The Plaintiff was advised that he is required to immediately inform the Court of any change of address;

1

and, that failure to inform the Court of an address change shall result in the dismissal of this case. (ECF No. 33).

The Court's Order was returned marked "Return to Sender, Refused, Unable to Forward." (ECF No. 34). The Court has no forwarding address for Plaintiff.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court and has failed to prosecute this matter. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2). Accordingly, this matter should be, and hereby is, **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED THIS** 28th day of September 2020.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE